IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:16-CT-3163-FL

| | |
|---|---|
| TYRONE MATTHEW DELGADO, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GEORGE SOLOMON, DAVID GUICE, )<br>JOHN HERRING, ANTHONY )<br>SPRUILL, and KENNETH CABARRUS, )<br>)<br>Defendants. ) | ORDER |

This matter is before the court on defendants' motion for summary judgment (DE 45), filed pursuant to Federal Rule of Civil Procedure 56. The motion was fully briefed and thus the issues raised are ripe for decision. For the reasons stated below, the motion is granted in part and denied in part.

**STATEMENT OF THE CASE**

On July 1, 2016, plaintiff, a state inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges defendants failed to protect him from an assault by other inmates, and seeks compensatory and punitive damages and injunctive relief. On December 6, 2016, the court conducted its frivolity review of plaintiff's complaint and allowed the matter to proceed. Defendants filed answer on April 7, 2017, denying plaintiff's allegations and asserting various affirmative defenses. On May 23, 2017, the court entered case management order governing discovery and dispositive motions practice. The parties completed discovery on or about November

17, 2017.

On May 18, 2018, defendants filed the instant motion for summary judgment. In support of the motion, defendants filed memorandum of law, statement of material facts, and appendix. Defendants' appendix included affidavit from third-party Kimberly Grande, the North Carolina Department of Public Safety's ("DPS") Administrative Remedy Policy, and records from 16 grievances plaintiff appealed to the Inmate Grievance Resolution Board between January, 2013 and February 3, 2017.

Plaintiff filed response in opposition on June 7, 2018, and attached as supporting materials various grievances he filed during the relevant time frame. Defendants thereafter filed reply in further support of the instant motion, and plaintiff file unauthorized surreply.[1]

### STATEMENT OF FACTS

Plaintiff is a state inmate who was incarcerated at the Bertie Correctional Institution during the relevant time period. (Compl. (DE 1) § V).[2] Plaintiff alleges that inmates Marcus Currie, Ivan Harvey, and Travis William assaulted him on November 8, 2015, causing serious injuries. (Id.) Currie, Harvey, and William are allegedly "high ranking" members of certain prison gangs and were housed on the same unit or "dorm" as plaintiff at the time of the assault. (Id.) Defendants Spruill and Cabarrus were the unit manager and assistant unit manager, respectively, on the unit. (Id.)

On November 8, 2015, plaintiff accompanied William, Currie and Harvey to the back of the dorm to discuss an unidentified issue. (Id.) When plaintiff tried to leave, William grabbed

---

[1]Under Local Civil Rule 7.1, parties must obtain leave of court before filing a surreply. See Local Civil R. 7.1, E.D.N.C.

[2]As set forth below, the parties have not submitted verified evidence concerning the assault alleged in plaintiff's complaint. The court therefore recounts the facts as alleged in plaintiff's complaint.

plaintiff by the arm and pulled plaintiff into his cell. (Id.) Currie then hit plaintiff in the back of the head and stabbed him, presumably with a homemade prison weapon. (Id.) As plaintiff fell to the ground, William punched him in the face and stabbed him in his eye with a knife. (Id.) Harvey then kicked and punched plaintiff's head when he was on the floor. (Id.) As a result of the assault, plaintiff suffered multiple bone fractures, a fractured nose, ruptured eardrum, and other injuries. (Id.)

Plaintiff alleges defendants Spruill and Cabarrus used the gang members to "police" the dorm, "in a [sic] effort to have them get the block inmates to lock down without the staff having to come in the dorm to lock them down." (Id.) When plaintiff and other inmates complained about the gang members threatening and assaulting other inmates, defendants Spruill and Cabarrus allegedly informed the gang members plaintiff had filed grievances about the assaults. (Id.) Plaintiff also alleges defendants Spruill and Cabarrus "knew that inmates were being threatened and assaulted and turned a blind eye to what was going on" and that "they should have knew [sic] [that allowing gang members to police the unit] was gonna be done through threats and assaults . . . ." (Id.) After the assault, defendant Spruill falsely charged plaintiff with two disciplinary offenses related to the altercation, in an alleged effort to cover up his actions. (Id.)

Defendant Herring was the superintendent of Bertie Correctional Institution during the relevant time period. (Id.) Plaintiff alleges he submitted a grievance directly to defendant Herring about defendants Spruill and Cabarrus's conduct, but defendant Herring did not respond. (Id.) Defendant Solomon is the director of DPS, and defendant Guice is allegedly a "commissioner" within DPS. (Id. § IV). Plaintiff alleges defendants Solomon and Guice are "responsible for what goes on at this prison because they are in charge of this prison . . . ." (Id. § V).

3

On February 29, 2016, plaintiff filed a grievance requesting that prison officials provide him with "appropriate and effective medical treatment . . . ." (Ex. K to Grande Aff. (DE 48-12) at 3).[3] The grievance requested that prison officials make plaintiff available to the Bertie County District Attorney "so that I may assist in the prosecution of the prison gang member who attacked me and the [DPS] staff members for whom the gang members were working with and on behalf of." (Id. at 4). The grievance also requested that prison officials initiate disciplinary proceedings against defendants Spruill, Cabarrus, and others who were allegedly "involved in allowing gang members to police the dorms through threats and violence." (Id.) Prison officials responded to the grievance by noting staff reviewed the video evidence of the November 8, 2015, assault, and found no evidence that the "incident took place in the manner described in [plaintiff's] complaint" and found "no negligence by staff." (Id.) Defendants acknowledge that plaintiff appealed this grievance to the Inmate Grievance Resolution Board, the final level of administrative review available at DPS, with final order from the Board issuing May 23, 2016. (Grande Aff. (DE 48-1) ¶¶ 5, 8).

## DISCUSSION

A.   Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the

---

[3]Unless otherwise specified, page numbers specified in citations to the record in this order refer to the page number of the document designated in the court's electronic case filing (ECF) system, and not to page numbering, if any, specified on the face of the underlying document.

nonmoving party "may not rest upon the mere allegations or denials of his pleading" but "must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 248-49; see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The nonmoving party thus "bears the burden of showing, by means of affidavits or other verified evidence, that [a] genuine dispute of material fact exists." Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 522 (4th Cir. 2003). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

As set forth below, defendants also argue the complaint fails to state a claim on which relief can be granted. See Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, the plausibility standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th

Cir. 2009).

B.    Analysis

  1.    Exhaustion of Administrative Remedies

Defendants' primary argument is that plaintiff failed to exhaust administrative remedies before filing suit. The Prison Litigation Reform Act ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory, and the court therefore may not excuse failure to exhaust, even to take special circumstances into account. Ross v. Blake, __ U.S. __, 136 S. Ct. 1850, 1856 (2016); Woodford v. Ngo, 548 U.S. 81, 83-85 (2006).

Administrative grievances must contain sufficient detail to "alert[] the prison to the nature of the wrong for which redress is sought" and "give prison officials a fair opportunity to address the alleged [mistreatment]." Wilcox v. Brown, 877 F.3d 161, 167 n.4 (4th Cir. 2017) (quoting Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002)); Moore v. Bennette, 517 F.3d 717, 726 (4th Cir. 2008). A plaintiff is not required to name the defendant prison officials in his grievance to properly exhaust administrative remedies unless the relevant administrative remedy procedure requires such identification. Jones v. Bock, 544 U.S. 199, 217-18 (2007).

Plaintiff submitted a grievance about the alleged assault on February 29, 2016. (Ex. K to Grande Aff. (DE 48-12) at 3, 8). Defendants acknowledge plaintiff exhausted administrative remedies with respect to this grievance, but argue the grievance did not "provide[] fair notice to prison officials of complaints or allegations against [defendants] and so deprived prison officials of the opportunity to address Plaintiff's complaints related to them." (Defs' Mem. (DE 46) at 7). The

6

court disagrees. As set forth above, the grievance specifically alleges plaintiff was attacked by gang members who were working "on behalf of" DPS staff members and that defendants Spruill and Cabarrus were allegedly "involved in allowing gang members to police the dorms through threats and violence." (Ex. K to Grande Aff. (DE 48-12) at 4). DPS officials' step one response to the grievance noted that the grievance was related to the November 8, 2015, assault, and that staff found "no evidence this incident took place in the manner described in your complaint" and that DPS "can find no negligence by staff." (Id.). DPS officials thus clearly understood the grievance was related to the November 8, 2015, assault and plaintiff's complaints that prison officials failed to protect him from it. The grievance therefore is sufficient to "alert the prison to the nature of the wrong for which redress is sought" and to provide prison officials "a fair opportunity to address the alleged [mistreatment]." Wilcox, 877 F.3d at 167 n.4; Moore, 517 F.3d at 726.[4]

2. Sufficiency of Plaintiff's Allegations

Although the instant motion is captioned a motion for summary judgment, defendants' remaining arguments primarily assert that plaintiff's complaint fails to allege sufficient facts to state a claim for relief. See Fed. R. Civ. P. 12(b)(6) (permitting party to file pre-answer motion to dismiss arguing the complaint fails to state a claim). Where plaintiff has been afforded adequate opportunity to address defendants' arguments, the court will consider them despite the improper procedural posture.[5]

---

[4] Defendants note that plaintiff also complained about receiving inadequate medical care in the February 29, 2016, grievance. But DPS officials did not reject the grievance for asserting multiple issues, and instead specifically responded to plaintiff's complaints about the alleged assault. See Carter v. Fleming, 879 F.3d 132, 136 n.2 (4th Cir. 2018) (noting that while the plaintiff's grievance "was not a model of clarity, we conclude that it did provide prison officials sufficient notice of these complaints").

[5] In so doing, the court considers only whether the factual allegations in plaintiff's complaint state a claim to relief, and affords plaintiff all procedural protections required by Rule 12(b)(6). See Ashcroft, 556 U.S. at 678; Nemet Chevrolet, 591 F.3d at 255.

7

The court begins with defendants' argument that plaintiff's official capacity claims are barred by the Eleventh Amendment to the United States Constitution. An action by a private party to recover money damages from state officials in their official capacity is effectively a suit against the state and, absent a valid waiver, such actions are barred by the Eleventh Amendment. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989); Edelman v. Jordan, 415 U.S. 651, 663 (1974); Huang v. Bd. of Governors of Univ. of N.C., 902 F.2d 1134, 1138 (4th Cir. 1990). North Carolina has not waived Eleventh Amendment immunity for plaintiff's § 1983 claims. Accordingly, the court grants defendants' motion to the extent it seeks dismissal of defendants' official capacity claims for monetary damages.

Turning to plaintiff's individual capacity claims, defendants argue that plaintiff's complaint alleges deliberate indifference to serious medical needs, and the factual allegations are not sufficient to state such a claim. (See Defs' Mem. (DE 46) at 10-13). But plaintiff has not alleged a claim for deliberate indifference to serious medical needs in his complaint.[6] Plaintiff instead alleges defendants failed to protect him from a foreseeable assault, and that defendants Spruill and Cabarrus created the dangerous circumstances giving rise to risk of harm. While claims alleging failure to protect and failure to provide medical care are both governed by the deliberate indifference standard, the specific facts necessary to allege the claims are different. See Thompson v. Virginia, 878 F.3d 89, 97 (4th Cir. 2018) (distinguishing deliberate indifference claims based on failing to protect inmates from attack from claims alleging failing to provide medical assistance); Makdessi v. Fields, 789 F.3d 126, 132-33 (4th Cir. 2015) (holding that to allege a deliberate indifference claim based on failure to protect, plaintiff must allege he was "incarcerated under conditions posing a substantial

---

[6]This may have been a clerical error, as counsel also named the wrong defendants in one section of the brief. (Defs' Mem. (DE 46) at 17).

risk of [suffering an assault] and defendants were deliberately indifferent to that risk). Defendants therefore failed to address the specific legal claims alleged in the complaint. Accordingly, the court denies the instant motion to the extent it seeks dismissal of plaintiff's individual capacity Eighth Amendment claims.[7]

    3.    Renewed Motion for Summary Judgment

Under the circumstances, the court will permit defendants to file renewed motion for summary judgment. In so doing, the court observes that its ruling on defendants' exhaustion defense is now the law of the case. Segman v. Warner-Lambert Co., Inc., 845 F.2d 66, 69 (4th Cir. 1988) (explaining prior court decisions become law of the case and must be followed unless the party shows substantially different evidence or subsequently-decided controlling authority renders earlier ruling erroneous, or prior decision was clearly erroneous and would work a manifest injustice). Additionally, the court notes that plaintiff's response to the instant motion was not supported by affidavits, declarations, discovery responses, other sworn statements signed under penalty of perjury, or documentary evidence beyond plaintiff's grievance records.[8] See Fed. R. Civ. P. 56(c); Bouchat, 346 F.3d at 522 (requiring that party opposing motion for summary submit "verified" evidence beyond the pleadings). Plaintiff's complaint also is not verified because it does not contain a statement swearing under penalty of perjury that the factual allegations therein are true and correct. See World Fuel Servs. Trading, DMCC v. Hebei Prince Shipping Co., 783 F.3d 507, 516 (4th Cir.

---

[7] Additionally, where the court has already conducted its frivolity review and allowed the matter to proceed, the court declines to sua sponte review the sufficiency of plaintiff's allegations in these circumstances. This order, of course, offers no opinion on the merits of plaintiff's claims or whether plaintiff can produce sufficient evidence to defeat a properly-supported motion for summary judgment.

[8] The court does not fault plaintiff for failing to produce this evidence where defendants did not argue they were entitled to summary judgment based on the current record evidence related to plaintiff's substantive claims. See Celotex, 477 U.S. at 323-25. Defendants also did not move for summary judgment by arguing that there is an absence of record evidence to support plaintiff's claims. Id.

2015). In the event defendants meet their initial burden of production in the forthcoming motion for summary judgment, plaintiff cannot rely solely on his pleadings in his opposition to such motion.

## CONCLUSION

Based on the foregoing, the court GRANTS in part and DENIES in part defendants' motion for summary judgment (DE 45). The motion is granted to the extent it seeks judgment as a matter of law on plaintiff's official capacity damages claims, and such claims are DISMISSED WITH PREJUDICE. The motion is denied in all other respects. Defendants may file renewed motion for summary judgment as set forth above within **45 days** of entry of this order.

SO ORDERED, this the 21st day of February, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge